TransPacific Law Group
Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
pavel@transpacificlaw.com
1 Daniel Burnham Court
#914
San Francisco, California, 94109
Telephone: (650) 954-6857
Facsimile: (650) 472-8961

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Shen Ko Tseng,<br><br>             Plaintiff,<br><br>          v.<br><br>BBC International LLC,<br><br>Concept Footwear Technology Ltd.,<br><br>Terry Electronics (Shen Zhen) Company Ltd.<br><br>             Defendants. | Case No.  3:16-cv-7327<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Shen Ko Tseng, by and through his undersigned attorneys, for his Complaint against Defendant BBC International LLC ("BBC"), Defendant Concept Footwear Technology Ltd. ("CFT"), and Defendant Terry Electronics (Shen Zhen) Company Ltd. ("Terry") (collectively "Defendants") alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, §§100, et seq.

## PARTIES

2. Plaintiff Shen Ko Tseng is a natural person who resides in Taipei, Taiwan.

3. On information and belief, Defendant BBC is a limited liability company organized and existing under the laws of the state of Florida, having its principal place of business at 1515 N. Federal Hwy, Suite 206, Boca Raton, FL 33432.

4. On information and belief, Defendant CFT is a corporation organized and existing under the laws of the People of Republic China, having its principal place of business at XingXian Road, Xiazhou Village, Fuqiao, Quanzhou City, Fujian Province, China. On information and belief, Defendant CFT is a wholly owned subsidiary of Defendant BBC with the business focus on the exportation of Defendant BBC's shoes from China to the United States of America.

5. On information and belief, Defendant Terry is a corporation organized and existing under the laws of the People of Republic China, having its principal place of business at 5 FB Dong Lian Industrial Centre, Chuang Ye No. 2 Road, 23 District, Bao An, Shen Zhen City, GuanDong Province, China. On information and belief, Defendant Terry is an electronic device manufacturer, which supplies light emitting diode (LED) controllers to Defendant CFT, which then embeds these LED controllers into Defendant BBC's shoes sold in the United States of America.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant BBC conducts and has conducted a substantial, systematic, and

continuous business of selling and distributing infringing products in this judicial district. Moreover, Defendant BBC purposefully has offered to sell, have sold and/or have distributed infringing products in this judicial district.

8. Upon information and belief, Defendant CFT, through its actions, purposely availed itself of this forum, and such actions give rise to the claims described in this Complaint, such that this Court's exercise of jurisdiction would be reasonable and fair. On information and belief, Defendant CFT, directly or indirectly through its suppliers, downstream customers and/or agents, has committed infringing activities in this judicial district by importing footwear products that infringe the patents-in-suit and/or by placing such infringing footwear products into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, or sold by others in this judicial district and/or purchased by consumers in this judicial district.

9. Upon information and belief, Defendant Terry, through its actions, purposely availed itself of this forum, and such actions give rise to the claims described in this Complaint, such that this Court's exercise of jurisdiction would be reasonable and fair.  On information and belief, Defendant Terry has committed infringing activities in this judicial district by manufacturing LED controllers embedded into footwear products that infringe the patents-in-suit and/or by placing such LED controllers which were embedded into such infringing footwear products into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, or sold by others in this judicial district and/or purchased by consumers in this judicial district.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**BACKGROUND**

11. On November 18, 2008, United States Patent No. 7,452,106 ("the '106 patent") entitled "CIRCUIT DEVICE FOR CONTROLLING A PLURALITY OF LIGHT-EMITTING DEVICES IN A SEQUENCE" was duly and legally issued to Plaintiff.  Plaintiff is the owner of

all rights, title and interest in the '106 patent. A true and correct copy of the '106 patent is attached hereto as Exhibit A.

12. The '106 patent discloses and claims certain electronic circuits (namely, LED controller) for electronically controlling multiple light emitting diodes (LEDs) causing the multiple LEDs to flash in accordance with a first pre-defined lighting sequence and a second pre-defined lighting sequence based on detected motion of shoes.

13. On information and belief, Defendant CFT imports into the United States certain LED illuminated shoes on behalf of Defendant BBC, and Defendant BBC offers to sell, distributes and sells within the United States such LED illuminated shoes incorporating LED controllers which are manufactured by Defendant Terry and infringe one or more claims of the '106 patent.

14. Exemplary LED illuminated shoes incorporating LED controllers infringing one or more claims of the '106 patent, which are imported into the United States by Defendant CFT, and then offered for sale, distributed and sold by Defendant BBC, include, without limitation, "Batman vs Superman", "Batman", "Thomas", "Peanuts", as well as "Spiderman" branded LED illuminated shoes. The foregoing shoes listed in this paragraph will be referred to collectively herein as the "LED Illuminated Shoes I." The LED Illuminated Shoes I listed in this paragraph are merely exemplary shoes containing infringing LED controllers and, on information and belief, Defendant CFT does import and Defendant BBC does sell, offer for sale, and distribute other LED Illuminated Shoes I incorporating LED controllers manufactured by Defendant Terry and infringing one or more claims of the '106 patent at least in this judicial district and/or throughout the United States.

15. On July 29, 2008, United States Patent No. 7,405,674 ("the '674 patent") entitled "CIRCUIT FOR CONTROLLING A PLURALITY OF LIGHT-EMITTING DEVICES DISPOSED ON AN OBJECT IN A SEQUENCE" was duly and legally issued to Plaintiff. Plaintiff is the owner of all rights, title and interest in the '674 patent. A true and correct copy of the '674 patent is attached hereto as Exhibit B.

16.     The '674 patent discloses and claims certain electronic circuits (namely, LED controller) for electronically controlling multiple light emitting diodes (LEDs) causing the multiple LEDs to flash in accordance with predetermined lighting pattern(s), such as LEDs first lighting separately and sequentially, and then simultaneously flashing N times, N being a natural number.

17.     On information and belief, Defendant CFT imports into the United States certain LED illuminated shoes on behalf of Defendant BBC, and Defendant BBC offers to sell, distributes and sells within the United States such LED illuminated shoes incorporating LED controllers which are manufactured by Defendant Terry and infringe one or more claims of the '674 patent.

18.     Exemplary LED illuminated shoes incorporating LED controllers infringing one or more claims of the '674 patent, which are imported by Defendant CFT, and then offered for sale, distributed and sold by Defendant BBC, include, without limitation, "Avengers" branded LED illuminated shoes.  The foregoing shoes listed in this paragraph will be referred to collectively herein as the "LED Illuminated Shoes II."  The LED Illuminated Shoes II listed in this paragraph are merely exemplary shoes containing infringing LED controllers and, on information and belief, Defendant CFT does import and Defendant BBC does sell, offer for sale, and distribute other LED Illuminated Shoes II incorporating LED controllers manufactured by Defendant Terry and infringing one or more claims of the '674 patent at least in this judicial district and/or throughout the United States.

**FIRST CAUSE OF ACTION**
**(Infringement of the '106 patent)**

19.     Plaintiff Shen Ko Tseng incorporates the allegations set forth in Paragraphs 1-18 above as if fully set forth herein.

20.     The LED Illuminated Shoes I that Defendant CFT imports into the United States, and Defendant BBC distributes, offers to sell and sells within the United States incorporate LED controllers that are manufactured by Defendant Terry and that are covered by one or more claims

of the '106 patent.

21. The '106 patent is valid and enforceable, and Defendants' importation, offers to sell, sales, and distribution within the United States of the LED Illuminated Shoes I incorporating LED controllers covered by one or more claims of the '106 patent is unauthorized.

22. Defendants' importation, offers to sell, sales, and distribution within the United States of LED Illuminated Shoes I containing LED controllers covered by one or more claims of the '106 patent thus constitutes infringement of the '106 patent in violation of 35 U.S.C. § 271(a).

23. Defendants are aware of the '106 patent, but yet they knowingly and actively induce third parties to offer for sale and sell the LED Illuminated Shoes I incorporating LED controllers infringing one or more claims of the '106 patent within the United States. Defendants thus actively induce infringement of the '106 patent in violation of 35 U.S.C. § 271(b).

24. Defendants have profited through the infringement of the '106 patent. As a result of Defendants' unlawful infringement of the '106 patent, Plaintiff has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

25. Upon information and belief, Defendants' acts of infringement are willful. Defendants knew and know of the '106 patent and of the fact that the LED Illuminated Shoes I incorporate LED controllers infringing one or more claims of the '106 patent. Such willful acts of infringement entitle Plaintiff to an award of enhanced damages and reasonable attorney fees against Defendants.

26. Upon information and belief, Defendants intend to continue their unlawful infringing activity with respect to the LED Illuminated Shoes I and Plaintiff will continue to be damaged by such infringement, unless Defendants are enjoined by this Court.

27. Defendants' acts of infringement with respect to the LED Illuminated Shoes I have caused irreparable harm to Plaintiff and Plaintiff will continue to suffer such irreparable harm unless Defendants are preliminarily and permanently enjoined by this Court.

## SECOND CAUSE OF ACTION
**(Infringement of the '674 patent)**

28. Plaintiff Shen Ko Tseng incorporates the allegations set forth in Paragraphs 1-27 above as if fully set forth herein.

29. The LED Illuminated Shoes II that Defendant CFT imports into the United States, and Defendant BBC distributes, offers to sell and sells within the United States incorporate LED controllers that are manufactured by Defendant Terry and that are covered by one or more claims of the '674 patent.

30. The '674 patent is valid and enforceable, and Defendants' importation, offers to sell, sales, and distribution within the United States of the LED Illuminated Shoes II incorporating LED controllers covered by one or more claims of the '674 patent is unauthorized.

31. Defendants' importation, offers to sell, sales, and distribution within the United States of the LED Illuminated Shoes II containing LED controllers covered by one or more claims of the '674 patent thus constitutes infringement of the '674 patent in violation of 35 U.S.C. § 271(a).

32. Defendants are aware of the '674 patent, but yet they knowingly and actively induce third parties to offer for sale and sell the LED Illuminated Shoes II incorporating LED controllers infringing one or more claims of the '674 patent within the United States. Defendants thus actively induce infringement of the '674 patent in violation of 35 U.S.C. § 271(b).

33. Defendants have profited through the infringement of the '674 patent. As a result of Defendants' unlawful infringement of the '674 patent, Plaintiff has suffered damages in an amount not yet determined and will continue to suffer damages in the future.

34. Upon information and belief, Defendants' acts of infringement are willful. Defendants knew and know of the '674 patent and that LED Illuminated Shoes II incorporate LED controllers infringing one or more claims of the '674 patent. Such willful acts of infringement entitle Plaintiff to an award of enhanced damages and reasonable attorney fees against Defendants.

35. Upon information and belief, Defendants intend to continue their unlawful

infringing activity with respect to the LED Illuminated Shoes II and Plaintiff will continue to be damaged by such infringement, unless Defendants are enjoined by this Court.

36. Defendants' acts of infringement with respect to the LED Illuminated Shoes II have caused irreparable harm to Plaintiff and Plaintiff will continue to suffer such irreparable harm unless Defendants are preliminarily and permanently enjoined by this Court.

## **PRAYER**

By reason of the foregoing, Plaintiff Shen Ko Tseng respectfully requests that this Court:

(a) enter a judgment that Defendants have infringed the '106 patent;

(b) enter a judgment that Defendants have infringed the '674 patent;

(c) preliminarily and permanently enjoin Defendants, their officers, subsidiaries, affiliates distributors, agents, servants, employees, attorneys, and all persons in active concert with them, from any further infringement, inducement of infringement, and contributory infringement of the '106 patent and the '674 patent;

(d) enter judgment that Defendants' acts of patent infringement are willful;

(e) award damages, costs and prejudgment interest to Plaintiff Shen Ko Tseng under 35 U.S.C. § 284;

(f) declare this case exceptional and award Plaintiff Shen Ko Tseng his reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(g) award Plaintiff Shen Ko Tseng treble damages for Defendant's willful infringement; and

(h) award Plaintiff Shen Ko Tseng such other relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated:  December 25, 2016 | Respectfully submitted, |
| 2 | | By: /s/ Pavel I. Pogodin |
| 3 | | Pavel I. Pogodin |
| 4 | | Pavel I. Pogodin, Ph.D., Esq. |
| 5 | | TransPacific Law Group |
| | | 1 Daniel Burnham Court |
| 6 | | #914 |
| | | San Francisco, California, 94109 |
| 7 | | Telephone: (650) 954-6857 |
| | | Facsimile: (650) 472-8961 |
| 8 | | Attorneys for Plaintiff |

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff Shen Ko Tseng demands trial by jury of all issues triable to a jury.

Dated:  December 25, 2016                    Respectfully submitted,

By: /s/ Pavel I. Pogodin
    Pavel I. Pogodin

Pavel I. Pogodin, Ph.D., Esq.
TransPacific Law Group
1 Daniel Burnham Court
#914
San Francisco, California, 94109
Telephone: (650) 954-6857
Facsimile: (650) 472-8961
Attorneys for Plaintiff